COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| **HAZEL WEBB**<br>**2891 ROMANA PL**<br>**CINCINNATI, OH 45209**<br><br>     **Plaintiff,**<br><br>-vs.-<br><br>**AUTO-OWNERS INSURANCE COMPANY**<br>**C/O JEFFREY TAGSOLD**<br>**CHAIRMAN/CEO**<br>**6101 ANACAPRI BOULEVARD**<br>**LANSING, MICHIGAN 48917**<br><br>     **Defendant.** | Case No: _____<br><br><br><br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

**NOW COMES Plaintiff, Hazel Webb, [Hereinafter, "Plaintiff"],** by and through undersigned counsel, and states her Complaint against the named Defendant, as follows:

### I. The Parties

**1.** Plaintiff, Hazel Webb, an insured of 2891 Romana Pl., in Cincinnati, Hamilton County, Ohio 45209 ["the subject property"] and has so insured at relevant times herein.

**2.** Plaintiff had insured the subject property through the Defendant, Auto-Owners Insurance Company [Collectively "Auto-Owners" or "Defendant"].

**3.** This case arises, *inter alia,* from the negligent and/or willful failure of the Defendant to fully, adequately and timely indemnify the Plaintiff for her covered loss, which occurred on or about March 25, 2023.

**4.** Defendant Auto-Owners is a Michigan-based insurance company which issued a homeowner's insurance contract to the Plaintiff which was in full force and effect at the time of the subject property loss. Defendant conducts substantial business within Hamilton County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is not attached because it is in the possession, custody or control of the aforementioned Defendant.

## II. Jurisdiction and Venue

**5.** Jurisdiction is properly invoked in the Hamilton County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance contract, and for bad faith, arising from a covered loss and for remediation and restoration services, in which the subject property is located in Hamilton County, Ohio.

**6.** Venue is proper in Hamilton County, Ohio, as the subject property is in said county, the material events of the subject property loss occurred in said county and the Defendant conducts substantial business within said county.

## III. Statement of Facts

**7.** The subject property, located at 2891 Romana Pl., in Cincinnati, Hamilton County, Ohio 45209, was (and still is) owned by the Plaintiff and William Webb.

**8.** On or about March 25, 2023, Plaintiff suffered a substantial windstorm loss to, *inter alia*, the roof and interior of the subject property.

**9.** Plaintiff promptly notified Defendant of the occurrence on or about March 25, 2023, and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Auto-Owners insurance policy contract, which was in full force and effect on the date of the subject loss.

**10.** Plaintiff duly reported the loss and fully cooperated with Defendant following the windstorm loss. Defendant failed to conduct a reasonable investigation of the loss.

**11.** As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or the interior and/or contents and/or loss of use and/or additional damages at the subject property.

**12.** Defendant wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith, made an inadequate, partial payment for the loss and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for her covered loss.

**13.** Plaintiff placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for her property loss, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

**14.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Thirteen (1-13), with the same force and effect, as if fully rewritten herein.

**15.** Plaintiff placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the subject loss and to adequately indemnify Plaintiff for her subject loss.

**16.** Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out their duties under the subject insurance policy.

**17.** Defendant breached their duties of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions:

**(a)** failing to promptly and reasonably adjust and pay the Plaintiff's claim;

**(b)** failing to establish a reasonable justification for the denial of the Plaintiff's claim;

**(c)** taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

**(d)** failing to properly inspect the site of the loss and to adequately and properly investigate the claim with the wrongful intent to deny the Plaintiff's claim from its inception;

**(e)** failing to properly analyze the cause of the loss and/or the applicable coverage;

**(f)** failing to properly review the analysis contained in any reports related to the loss in their possession;

**(g)** failing to properly review the available evidence related to the loss;

**(h)** failing to perform a good faith analysis of the loss;

**(i)** failing to prepare a good faith estimate of damages caused by the loss;

**(j)** refusing Plaintiff's reasonable requests for information;

**(k)** failing to indemnify the Plaintiff for her losses and damages within a reasonable period of time;

**(l)** failing to properly train, supervise and/or instruct their adjusters and/or agents;

**(m)** failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

**(n)** failing to timely provide sufficient funds for the repairs and/or replacement of the subject property;

**(o)** failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

**(p)** failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

**(q)** acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

**(r)** engaging in other wrongful acts or omissions to be shown at trial on the merits.

**18.** As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendant, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**19.** To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### COUNT II: BAD FAITH

**20.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Nineteen (1-19), with the same force and effect, as if fully rewritten herein.

**21.** As an insurer, Defendant and their management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**22.** Defendant's wrongful failure to promptly and reasonably adjust the subject loss claim, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured homeowner, the Plaintiff.

**23.** As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**24.** The conduct of the Defendant has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of

punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### RELIEF REQUESTED

**WHEREFORE**, **Plaintiff, Hazel Webb,** by and through counsel, demands the following relief:

**A.** Judgment against the **Defendant, Auto-Owners Insurance Company**, for the full value of Plaintiff's losses and damages, as alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**B.** Judgment against the **Defendant, Auto-Owners Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**C.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

**D.** An award of pre-judgment interest; and

**E.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Eashan Menon, Esq.*
Eashan Menon, Esq. [103042]
Trial Attorney for Plaintiff Hazel Webb
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 127
(513) 812-3690 (FAX)
E-mail: emenon@maislinlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Eashan Menon, Esq.*
Eashan Menon, Esq. [103042]
Trial Attorney for Plaintiff Hazel Webb
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 127
(513) 812-3690 (FAX)
E-mail: emenon@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

Respectfully Submitted,

*/s/ Eashan Menon, Esq.*
Eashan Menon, Esq. [103042]
Trial Attorney for Plaintiff Hazel Webb